**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**WILLIE IRONE SIMMONS**                                                          **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:07-cv-426-HTW-LRA**

**BILLIE HUGHES, TOBY JONES,
KYLE HUHN AND PERRY ASHLEY**                                        **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, an inmate currently incarcerated in the Pike County Jail, Magnolia, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 on July 23, 2007.  On September 13, 2007, an order was entered directing Plaintiff to file a written response on or before October 3, 2007. Plaintiff has failed to comply with this order.  Plaintiff was warned in this Court order that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint.  On September 25, 2007, the envelope containing this Court's order was returned by the postal service with the notation "return to sender".

On October 22, 2007, an order was entered directing Plaintiff to show cause, on or before November 5, 2007, why this case should not be dismissed for his failure to timely comply with the Court's September 13, 2007 order.  In addition, Plaintiff was directed to comply with the September 13, 2007 order by filing the required documentation, on or before November 5, 2007. The show cause order warned Plaintiff that failure to advise this Court of a change of address or to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  Plaintiff did not comply with the Court's order.  On October 31, 2007, this Court's order was returned by the postal service with the notation "return to sender."

Further, on November 19, 2007, this Court entered a second order to show cause directing Plaintiff to file a written response on or before December 4, 2007.  In addition, Plaintiff was directed to comply with the September 13, 2007 order by filing the required documentation, on or before December 4, 2007.  The show cause order warned Plaintiff that failure to advise this Court of a change of address or to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  Plaintiff did not comply with the Court's order, nor has Plaintiff kept this Court informed of his current address.

Plaintiff failed to comply with three Court orders.  This Court has the authority to dismiss a bn action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389,

2

at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 27th  day of December, 2007.

s/ HENRY T. WINGATE
 CHIEF UNITED STATES DISTRICT JUDGE